{¶ 41} I respectfully dissent from the majority as to the finding that the misstatements or omissions made to the issuing judge did not rise to the level requiring invalidation of the warrant and suppression of the evidence.
 {¶ 42} The search warrants in this case were premised upon the belief that appellant was engaged in cultivating marihuana. To support the warrant the officer utilized utility bills to infer that the increases in the utilities were caused by the usage of electrical grow lights and watering of the crops. The officer failed to inform the issuing magistrate that an occupied apartment existed above the garage. The officer was aware, but failed to inform the issuing magistrate, that neither the electric nor the water bills were in the appellant's name. In fact the water bill, which the officer stated had more than doubled, was in the name of the person who was living in the upstairs apartment. (T. at 49). The electric bill was in the name of Cathy Young, who was the owner of the garage. (T. at 50; State's Exhibit 4, Affidavit in Support of Search Warrant, March 18, 2003 at ¶ 7).
 {¶ 43} An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and the wholly conclusory statements fail to meet this requirement. Illinois v. Gates
(1983), 462 U.S. 213, 239, 103 S.Ct. 2317, 2332-3. Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." (Id.).
 {¶ 44} Virtually none of the information in the affidavit was corroborated by the police. It does not appear that any officer spoke with the owner of the premises, the appellant's girlfriend, the upstairs tenant or the mother of the owner of the premises to verify any information given by the informant. (State's Exhibit 4 at ¶ 3 7). The fact that appellant was seen in and about his home is hardly corroborative of criminal activity. Additionally, the officer's discovery of "heat anomalies" was not presented to the issuing judge in the context that the upstairs of the garage was an occupied apartment.
 {¶ 45} Further, I find troubling the fact the officer averred to the issuing magistrate that the confidential source had "provided true and accurate information in the past." (State's Exhibit 4 at ¶ 3). The testimony at the hearing on the appellant's motion to suppress indicates that the "source" had only been used one time "in excess of six months, and less than one year" prior to this case. (T. at 55). No arrests or convictions have resulted from the prior information supplied by the "source." (Id. at 55-56). These facts were not made known to the judge issuing the warrant.
 {¶ 46} "To successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false statement either `intentionally, or with reckless disregard for the truth.' Franks v. Delaware (1978),438 U.S. 154, 155-156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672. `Reckless disregard' means that the affiant had serious doubts of an allegation's truth. United States v. Williams (C.A. 7, 1984), 737 F.2d 594, 602. Omissions count as false statements if `designed to mislead, or * * * made in reckless disregard of whether they would mislead, the magistrate.' (Emphasis deleted.) United States v. Colkley (C.A. 4, 1990), 899 F.2d 297, 301.
 {¶ 47} Even if an affidavit contains false statements made intentionally or recklessly, a warrant based on the affidavit is still valid unless, with the affidavit's false material set aside, the affidavit's remaining content is insufficient to establish probable cause. Franks, supra, 438 U.S. at 171-72.
 {¶ 48} I would find that the officer's omissions as set forth above were made, at the very least, in reckless disregard of whether they would mislead the judge who issued the warrant. The omissions rise to a level requiring invalidation of the warrant and suppression of the evidence. Moreover, if the misstatements are excluded, the affidavit's remaining content was insufficient to establish probable cause.
 {¶ 49} Accordingly, I would sustain appellant's sole assignment of error.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to Appellant.
For the reasons stated in our Memorandum-Opinion on file dated June 23, 2004, the appeal of the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. This Entry corrects a clerical error as to the Stark County Court of Common Pleas case number as reflected on the cover page of this Court's Opinion. The correct case number is 2003CR00435.
This Judgment Entry shall speak and be in effect, nunc pro tunc, as of June 23, 2004, the date of the former Judgment Entry of this Court, which this Judgment Entry corrects and replaces. Costs assessed to Appellant.